IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANET HOPE KING, #33200-037 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. CCB-10-05 |
| | | Criminal Action No. CCB-98-73 |
| UNITED STATES DISTRICT COURT FOR MARYLAND | * | |
| and | * | |
| THE UNITED STATES ATTORNEY | | |
| Respondents | * | |
| | *** | |

**MEMORANDUM**

Pending is Janet Hope King's pro se petition for writ of habeas corpus. King asserts the court lacked jurisdiction to convict and sentence her after she pleaded guilty to carjacking in violation of 18 U.S.C. § 2119 in *United States v. King*, criminal action no. CCB-98-73 (D. Md.).[1] The petition, construed pursuant to pursuant to 28 U.S.C. § 2255, shall be dismissed and denied.

    I.        Petition is Untimely

Petitioner seeks habeas corpus relief under 28 U.S.C. §§ 2241 and 2255, two separate and distinct mechanisms for obtaining post-conviction relief. A § 2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a); *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). The gravamen of petitioner's complaint is that the court lacked jurisdiction over her case because carjacking is not a federal offense and 18 U.S.C. § 2119 violates the Commerce Clause.

---

[1] King's pro se petition is accorded liberal construction. *See Haines v. Kerner* 404 U.S. 519, 520-21 (1972). The proper respondent in a § 2255 proceeding is the United States. The court will instruct the Clerk to amend the docket accordingly.

(Compl. pp. 2, 9.) Petitioner's jurisdictional challenge thus attacks the validity of her judgment of conviction and is properly considered under 28 U.S.C. § 2255.

Petitions under 28 U.S.C. § 2255 must be filed within one year of the date the judgment of conviction becomes final.[2] *See* 28 U.S.C. § 2255(f)(1).[3]  Judgment in King's criminal case was entered on November 10, 1999, and she did not note an appeal. Under these circumstances, the conviction became final on the date judgment was entered. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001).[4] The one-year limitations period started on November 11, 1999, and expired one year later. Consequently, the

---

[2]  Section 28 U.S.C. § 2255(f) provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3]   Although the limitations period is an affirmative defense, a court may sua sponte dismiss a § 2255 petition as untimely.  *See Hill v. Braxton*, 277 F. 3d 701, 705 (4th Cir. 2002); *see also United States v. Sosa*, 364 F.3d 507, 510 n. 4 (4th Cir. 2004) (applying the holding in *Hill v. Braxton* to motions under § 2255); *Acosta v. Artuz*, 221 F.3d 117, 123-24 (2d Cir. 2000).  Sua sponte consideration of the limitations period is consistent with Rule 4(b) of the Federal Rules governing  § 2255 cases, which provides that a court shall dismiss a motion if it plainly appears that the moving party is entitled to no relief, even in the absence of a responsive pleading from the government. 2255 Habeas Rule 4(b).

[4]   Arguably the conviction became final on November 20, 1999, when the fourteen-day notice of appeal period expired. *See* Fed. R. App. P. 4(b); *Clay*, 537 U.S. at 142.  The § 2255 motion remains untimely under this calculation as well.

2

§ 2255 motion, filed on December 13, 2009,[5] is untimely by nine years.  King does not provide any basis to apply principles of equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

    II.      Petition Lacks Merit

Further, even if the petition were timely, it is devoid of merit.  King's argument that the carjacking statute set forth at 18 U.S.C. § 2119 violates the Commerce Clause has been rejected by ten Circuit Courts of Appeal, including the Fourth Circuit.  In *United States v. Cobb*, 144 F.3d 319, 321 (4th Cir.1998), the Fourth Circuit, upholding the constitutionality of 18 U.S.C. § 2119 on a Commerce Clause challenge, stated that the statute contains a jurisdictional element because it only applies to the forcible taking of motor vehicles that have been transported, shipped, or received in interstate or foreign commerce. Furthermore, the Fourth Circuit upheld the constitutionality of 18 U.S.C. § 2119 on the basis that automobiles are inherently mobile and indispensable to the interstate movement of persons and goods and therefore are instrumentalities of interstate commerce that Congress may regulate. *Id.* at 322; *see also United States v. Taylor*, 226 F.3d 593, 598-99 (7th Cir. 2000) (citing decisions of the First, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits).  Having been rejected by the Fourth Circuit, the jurisdictional challenge raised here is without merit.

    III.      Certificate of Appealability

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of her motion.  *See* 28 U.S.C. § 2253(c)(1). "A [COA] may issue ... only if the

---

[5] The petition, dated December 13, 2009, was received for filing by the Clerk on January 4, 2010.  For the purpose of assessing timeliness of the petition under 28 U.S.C. § 2244(d), it shall be deemed delivered to prison officials on December 13, 2009. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). Petitioner has not satisfied the standards necessary to obtain a certificate of appealability. An order consistent with this memorandum follows.


January 14, 2010                              __/s/_____
Date                                          Catherine C. Blake
                                              United States District Judge